IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-00842-REB-KMT

KATHIE BACH,

    Plaintiff,

v.

HYATT CORPORATION, d/b/a Grand Hyatt Denver,

    Defendant,

and

HYATT CORPORATION, d/b/a Grand Hyatt Denver,

    Third Party Plaintiff,

v.

INTERSERV GROUP, INC.

    Third Party Defendant.

---

## ORDER

---

This matter is before the court on "Defendant's Motion for Protective Order re F.R.P.C. 30(b)(6) Deposition of Hyatt Corporation" ("Mot.") [Doc. No. 35, filed January 8, 2009]. Plaintiff filed a response on January 26, 2009 [Doc. No. 43]. A Reply was not filed within the time requirements of D.C.COLO.LCivR 7.1(C). The issue is ripe for review and ruling.

The matter comes before the court concerning plaintiff's notice to take the deposition of Hyatt Corporation's representative pursuant to Fed. R. Civ. P. 30(b)(6). This case arises as a

result of allegations that plaintiff was injured when a transfer bench failed at the Grand Hyatt hotel where the plaintiff was staying in a room purported to be specifically designed to accommodate disabled guests. One of the matters about which the plaintiff wishes to examine the Hyatt Corporation representative is "knowledge of practices and guidelines for ADA compliance." (Mot., Exhibit One, Doc. No. 43-2, ¶ 3). Plaintiff asserts that whether the room and the transfer bench complied with the requirements of the Americans with Disabilities Act ("ADA") is relevant to the question of whether Hyatt will be liable for "unreasonable failure to exercise reasonable care to protect against dangers of which he actually knew or should have known." *See* Colo. Rev. Stat. § 13-21-115(3)(c)(I) (Colorado Premises Liability Act, hereinafter "CPLA").

Plaintiff has brought her suit pursuant to the CPLA; the parties agree the CPLA is the exclusive remedy for alleged breaches of duties owed by landowners to those injured on their property. *Vigil v. Franklin*, 103 P. 3d 322, 328 (Colo. 2004). The parties also agree that plaintiff shall be considered an "invitee" for purposes of this motion. Defendant argues that because the CPLA provides the exclusive remedy for the plaintiff, any discovery with respect to ADA standards or Hyatt's compliance therewith is not relevant and therefore, not discoverable.

*STANDARD OF REVIEW*

　　*1.　Discovery*

The scope of evidence that is subject to discovery under the federal rules is broad:

Parties may obtain discovery regarding any nonprivileged matter that is relevant
to any party's claim or defense--including the existence, description, nature,
custody, condition, and location of any documents or other tangible things and the

2

identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1).

"[D]iscovery procedures in the Federal Rules of Civil Procedures seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information." *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 523 (D. Colo. 2003) (emphasis added). *See also Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 619 (D. Colo. 2007). "Limitations on the discovery process necessarily conflict with the 'the fundamental principle that 'the public ... has a right to every man's evidence.'" *Simpson v. University of Colorado*, 220 F.R.D. 354, 356 (D. Colo. 2004) (citing *Trammel v. United States*, 445 U.S. 40, 50 (1980)).

Within this framework, the Court may limit discovery upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The court may, among other actions, forbid specified disclosure or discovery, specify terms for the disclosure or discovery, forbid inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

### 2. CPLA

The CPLA outlines the respective duties that a Colorado landowner owes to trespassers, invitees, and licensees and provides that a breach of those duties may result in liability for damages caused. As relevant here, subsection (3) states that "an invitee may recover for

damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which he actually knew or should have known." Colo. Rev. Stat. § 13-21-115(3)(c)(I). Thus, for an invitee to prevail on a premises liability claim, she must prove: (1) the landowner "actually knew or should have known" of the danger to the invitee and (2) the landowner "unreasonably failed to exercise reasonable care" to protect the invitee from that danger. *Lombard v. Colorado Outdoor Educ. Center, Inc.*, 187 P.3d 565, 570 (Colo. 2008).

The plain language "actually knew or should have known" indicates that the statute is satisfied by evidence of either actual knowledge or a showing that the defendant should have known of the condition and that "actually knew" and "should have known" "are distinctive and separate types of knowledge." *Id.* at 571. Constructive knowledge is that kind of knowledge a person exercising reasonable diligence should have had. *Id.*; *See also*, *Brighton Pharmacy Inc. v. Colo. State Pharmacy Bd.*, 160 P.3d 412, 418 (Colo. App. 2007) (to determine whether a person "should have known" certain information, the court applies an objectively reasonable person standard); *Full Moon Saloon, Inc. v. City of Loveland*, 111 P.3d 568, 570 (Colo. App. 2005) (if knowledge could have been obtained through the exercise of reasonable care and diligence, constructive knowledge may be inferred); *Morgan v. Bd. of Water Works*, 837 P.2d 300, 303 (Colo. App. 1992) (even where employees did not have actual knowledge of a danger on the premises, they were deemed to have constructive notice if they should have known of the danger through the exercise of ordinary diligence).

*ANALYSIS*

The Colorado Supreme Court recently has addressed whether violation of a code or statute is relevant to the proof required in a CPLA case, stating,

> Regarding [constructive notice of danger on the premises], we hold that the plaintiff may overcome summary judgment on the issue of the landowner's "unreasonable failure to exercise reasonable care" by demonstrating that the landowner violated a statute or ordinance that was intended to protect the plaintiff from the type of injury she suffered.

*Lombard* at 568. In *Lombard* the plaintiff was suing under the CPLA for damages she sustained as an invitee at a conference facility. *Id.* The plaintiff fell from a ladder leading to a loft reading room which had been erected in violation of Teller County's Building Code. *Id.* The court found that the building code provision was intended to protect the health and safety of the public and stated,

> [A]lthough the premises liability statute has abrogated certain common law claims and defenses in the premises liability context, we do not find that the General Assembly has clearly expressed its intent to abrogate the common law principle that the violation of a statute is evidence of a failure to exercise due care.

*Lombard* at 574. Further, the court found,

> In the absence of guiding legislative intent to the contrary, we conclude that the General Assembly did not intend to preclude a party from arguing that certain statutes and ordinances are relevant to establishing the standard of reasonable care, and thus that the violation of that statute or ordinance is evidence of a failure to exercise reasonable care.

*Lombard* at 575.

This recent holding resolves the issue in this case definitively. Given that discoverable material is that which "appears reasonably calculated to lead to the discovery of admissible

5

evidence," Fed. R. Civ. P. 26(b)(1), it is clear that Hyatt Corporation's knowledge of the requirements generally associated with the preparation of rooms compliant with the ADA for its disabled guests is relevant and discoverable.

It is therefore **ORDERED**

"Defendant's Motion for Protective Order re F.R.P.C. 30(b)(6) Deposition of Hyatt Corporation" [Doc. No. 35] is **DENIED**. Defendant Hyatt Corporation is directed to produce a witness for deposition pursuant to Fed. R. Civ. P. 30(b)(6) who, among the other listed categories in the Notice of Deposition, can testify on behalf of the corporation as to "Knowledge of practices and guidelines for ADA compliance."

Dated this 11th day of February, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge