IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-00842-REB-KMT

KATHIE BACH,

    Plaintiff,

v.

HYATT CORPORATION, d/b/a Grand Hyatt Denver,

    Defendant,

and

HYATT CORPORATION, d/b/a Grand Hyatt Denver,

    Third Party Plaintiff,

v.

INTERSERV GROUP, INC.

    Third Party Defendant.

## ORDER

This matter is before the court on the Plaintiff's "Motion for Clarification Regarding Court's March 9, 2009 Order and Motion for Protective Order" ([hereinafter "Motion"] [Doc. No. 76] [filed May 19, 2009]).  Neither Defendant nor Third Party Defendant filed a response to the motion.

Before the Court is a request to clarify the Court's March 9, 2009 Order of production "with respect to all Social Security, Insurance and Workers Compensation Records for a time period of ten years prior to the date of the alleged accident." [Order, Doc. No. 51 at 11.] It is apparently unclear to the Plaintiff whether she is entitled to review medical records contained within said files or records and assert privileges by way of a privilege log before producing to Defendant or whether she is required to produce the records as obtained with no withholding or privilege log.

While the one sentence directly involving obtaining Social Security, Insurance and Workers' Compensation records in the Order does not contain the specific directive to the plaintiff to review and redact the medical records for privilege, the entire thrust of the March 9, 2009 Order concerned whether the Plaintiff was required to provide the Defendant with medical releases or whether the Court would adopt the state's *Alcon v. Spicer*[1] procedure for protection of privileged medical records.[2] The analysis concerning application of the *Alcon* procedure consumed over five pages of the eleven page order. (Order at 5-10.) I concluded that while strict adherence to *Alcon* in all federal cases was not mandated, in this case I would apply the criteria by requiring that the Plaintiff obtain all medical records pertaining to her medical

---

[1]   113 P.3d 735, 739 (Colo. 2005).

[2]   In Colorado, a plaintiff is obligated to gather all medical records pertaining to the plaintiff in the first instance, review each document obtained from every medical provider, and redact those records pertaining to injuries/illnesses which are not relevant to the litigation at issue and therefore considered. The plaintiff must provide a detailed privilege log concerning each page of each record withheld, with reasons why the document was not produced in discovery on relevancy/privacy grounds. *Id.*

treatment for any condition for a period of years and then to shoulder "the bulk of the effort by compiling the privilege log," *Alcon* at 742, with respect to withheld portions of the records.

Worker's Compensation, Insurance and Social Security records could be expected to contain medical records as well as other documents associated with such claims. As to the medical records which might be found within any one of the other types of insurance files, the court had painstakingly set forth the procedure to be followed concerning production and privilege. There was, and still is, no necessity to spell out the procedure to be followed again.

Therefore, it is **ORDERED**

Plaintiff's "Motion for Clarification Regarding Court's March 9, 2009 Order and Motion for Protective Order" [Doc. No. 76] is **DENIED**.

Dated this 7th day of July, 2009.

**BY THE COURT:**

*/s/ Kathleen M. Tafoya*

Kathleen M. Tafoya
United States Magistrate Judge